UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Washington International
Insurance Company and North
American Specialty Insurance
Company

   v.                                          Civil No. 10-cv-526-LM

Ashton Agency, Inc.

**O R D E R**

Before the court is plaintiffs' motion for reconsideration of the court's order denying their renewed application for preliminary injunctive relief.  Defendant objects.  For the reasons that follow, plaintiffs' motion is denied.

To prevail on a motion for reconsideration, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

Plaintiffs first argue that the court committed a manifest error of law by failing to appreciate the scope of its inherent powers, as described in two opinions they cite for the first time in their memorandum of law: Chase Manhattan Bank, N.A. v. Villa Marina Yacht Harbor, Inc. (In re Villa Marina Yacht

Harbor, Inc.), 984 F.2d 546 (1st Cir. 1993) and Zebrowski v. Hanna, 973 F.2d 1001 (1st Cir. 1992). Plaintiffs' argument, however, is based on a misunderstanding of the order they ask the court to reconsider.

Plaintiffs characterize the court's order of in the following way:

> [T]his Court ruled that because Ashton had apparently not retained the premiums in a separate and identifiable trust account, there were no "identifiable assets," and therefore this Court lacked the power to order Ashton to establish an escrow account or to otherwise freeze Ashton's assets in a sufficient amount to maintain the status quo during this proceeding.

Pls.' Mem. of Law (doc. no. 51-1), at 5. Based on the foregoing, plaintiffs appear to suggest that the court denied their request for a preliminary injunction based on a belief that it lacked the inherent power to order the relief they sought.

What the court actually said was that the opinion the plaintiffs specifically identified as supporting their position most strongly, Serio v. Black, Davis & Shue Agency, Inc., No. 05 Civ. 15(MHD), 2005 WL 3642217 (S.D.N.Y. Dec. 30, 2005), was inapplicable, and that, as a result, preliminary injunctive relief was barred by Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). See Tr. (doc. no. 58), at 33-35. Moreover, plaintiffs do not explain how

2

anything the First Circuit said in <u>Villa Marina</u> or <u>Zebrowski</u> is sufficient to empower a district court to grant relief barred by the Supreme Court six or seven years later in <u>Grupo Mexicano</u>. The court further notes that plaintiffs' reliance on <u>United States ex rel. Rahman v. Oncology Associates, P.C.</u>, 198 F.3d 489 (4th Cir. 1999) is misplaced, given the absence of equitable claims in this case.  Finally, even if the court had the inherent authority that plaintiffs say it has, a failure to exercise that authority in the manner requested by plaintiffs would be an error of law <u>only</u> if the decision plaintiffs wanted the court to make was not just permitted, but required. Plaintiffs have come nowhere close to showing that, under the circumstances of this case, controlling authority compelled the court to grant them the preliminary injunction they sought. Thus, the court's order of April 2, 2012, did not result from a manifest error of law.

　　　Plaintiffs also argue that they are entitled to reconsideration based on newly discovered evidence, <u>i.e.</u>, Kay Hull's post-hearing conversation with a person who told her that he had direct personal knowledge that Robert Ashton was actively attempting to sell the Ashton Agency.  As a preliminary matter, plaintiffs do not explain how Robert Ashton's sale of the Ashton Agency would have any adverse effect on the Ashton Agency's

ability to pay a judgment against it. Based on the evidence plaintiffs have produced, this is not a case such as <u>Teradyne, Inc. v. Mostek Corp.</u>, in which the defendant company had actually been sold to a new owner and "was in the process of winding down after selling the bulk of its assets," 797 F.2d 43, 52 (1st Cir. 1986). But, more importantly, given the legal unavailability of the preliminary injunctive relief that plaintiffs seek, the newly discovered evidence on which they base their request for reconsideration includes no information that is in any way material to a decision on whether to grant the relief they seek. Accordingly, the evidence plaintiffs have discovered does not entitle them to reconsideration of the court's order of April 2, 2012.

Because the court has committed no legal error, and because the new evidence plaintiffs have adduced is not material, their motion for reconsideration, document no. 57, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 11, 2012

cc:  Bradford R. Carver, Esq.
     Geoffrey M. Coan, Esq.
     Eric H. Loeffler
     Jeffrey C. Spear, Esq.
     Martha Van Oot, Esq.