UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Washington International
Insurance Company and North
American Specialty Insurance
Company

    v.                                    Civil No. 10-cv-526-LM

Ashton Agency, Inc.


**O R D E R**

    In an order dated September 10, 2012, the court granted plaintiffs (hereinafter "Washington") summary judgment as to liability on their claims for breach of contract and breach of fiduciary duty against Ashton Agency, Inc. ("Ashton"). Those claims were based on Ashton's failure to remit premiums it collected for 834 surety bonds that were issued by Washington. In that same order, the court denied Washington's motion as to damages, ruling that Washington would receive an unwarranted windfall if the court were to award it the full amount of the premiums Ashton collected for 550 or more Washington bonds it sold but later replaced with bonds issued by another insurance company.

    Before the court is Ashton's motion for reconsideration of the portion of the order pertaining to damages, i.e., the issue on which it successfully defended against Washington's summary-

judgment motion.  Specifically, Ashton asks the court to "[h]old that the summary judgment briefing has concluded the dispute between the parties, and that . . . plaintiffs failed to demonstrate the right to receive the premiums for the replaced MVD Bonds."  Def.'s Mot. for Recons. (doc. no. 76) ¶ C. Washington objects.  Because the court did not commit a "manifest error of law or fact," LR 7.2(e) by declining to rule that its partial denial of summary judgment to Washington concluded the dispute between the parties, Ashton's motion for reconsideration is denied.

In its motion, Ashton makes much of a stipulation that provides, in pertinent part, "that the remaining issues in this case can be resolved on a motion for summary judgment."  Stip. (doc. no. 56), at 1.  Among other things, the stipulation established a deadline for Washington to file a motion for summary judgment and also established a deadline for Ashton's "response and cross-motion, if any."  Stip., at 1.  Ashton filed no cross-motion.  To the contrary, it defended against Washington's motion, at least in part, by identifying various facts in dispute.  See Def.'s Obj. (doc. no. 68), at 4.  That is a litigation strategy wholly at odds with Ashton's stipulation that the remaining issues could be resolved on summary judgment. See Sánchez-Rodríguez v AT&T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) ("The nonmovant may defeat a summary judgment

2

motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists.") (quoting Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006)).

Similarly, because Ashton challenged the facts set out in Washington's memorandum rather than stipulating to a set of facts to which the court would apply the relevant law, Ashton's reliance on García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638 (1st Cir. 2000), for the proposition that the parties intended for resolution on a "case-stated" basis is misplaced. "In a case stated, the parties waive trial and present the case to the court on the undisputed facts in the pre-trial record." Sánchez-Rodríguez, 673 F.3d at 10-11 (quoting TLT Constr. Corp. v. RI, Inc., 484 F.3d 130, 135 n.6 (1st Cir. 2007); citing United Paperworkers Int'l Union, Local 14 v. Int'l Paper Co., 64 F.3d 28, 31 (1st Cir. 1995)).  Contesting the facts stated in Washington's motion, as Ashton did in its objection, hardly seems consistent with its current claim that the parties' dispute was submitted to the court on a case-stated basis.

In any event, the aspect of the court's order that Ashton challenges, i.e., its statement that the issue of damages remains to be resolved, rests on nothing more than a straightforward application of the rules of civil procedure. When a party moves for summary judgment on a claim or an issue, the court's role is limited to granting or denying the motion

3

before it.  See 11 James Wm. Moore et al., Moore's Federal
Practice § 56.24[1] (3d ed. 2011).  When a motion for summary
judgment is denied, the claim or issue on which the movant has
not prevailed remains alive and subject to further litigation,
which can include additional summary-judgment practice.  See
Moore et al., supra, § 56.121[1][b] (3d ed. 2011).  That is what
has happened here.  Washington moved for summary judgment on
liability and damages.  It prevailed as to liability, but not as
to damages.  Thus, that issue remains to be resolved.

To be sure, Washington and Ashton have stipulated that this
case could be resolved on a motion for summary judgment.  They
may or may not have been correct about that.  Be that as it may,
the agreement only provided that the case could be resolved on a
motion for summary judgment; it did not specify any particular
motion for summary judgment or limit the number of summary
judgment motions it might take to resolve the case.  That is,
the stipulation merely identified summary judgment as the
procedural posture in which the case would be resolved.  Despite
Ashton's argument that the stipulation "require[d] that the
Court's resolution of the arguments presented [in document no.
64] be the final order in the case," Def.'s Reply (doc. no. 79),
at 2, the parties were powerless to bind the court to issuing an
order on document no. 64 that concluded the case if it could not
do so in conformity with the Federal Rules of Civil Procedure.

4

See <u>King v. United States</u>, 641 F.2d 253, 258 (5th Cir. 1981)
(declining to abide by stipulation concerning burden of proof
because "[a] court is not bound by the parties' stipulations of
law, particularly when those stipulations are erroneous")
(citing <u>Swift & Co. v. Hocking Valley Ry. Co.</u>, 243 U.S. 281, 289
(1917); <u>Equitable Life Assur. Soc'y of U.S. v. MacGill</u>, 551 F.2d
978, 983 (5th Cir. 1977)).

While Ashton asks the court to rule that its dispute with
Washington has reached its endpoint, denial of summary judgment
to a moving party does not result in judgment in favor of the
nonmovant, which is the relief Ashton seeks in its motion for
reconsideration.[1]  To be entitled to summary judgment, a party
generally must move for it and carry its burden of proof.  See
Fed. R. Civ. P. 56(a); <u>Markel Am. Ins. Co. v. Díaz-Santiago</u>, 674
F.3d 21, 29 (1st Cir. 2012).  Ashton did not move for summary
judgment, and its objection to Washington's motion provided no
occasion to argue for such relief.  See LR 7.1(a)(1)
("Objections to pending motions and affirmative motions for
affirmative relief shall not be combined in one filing.").
Thus, this case remains alive not as a result of any ruling by
this court, but as a result of Ashton's litigation strategy and,

---

[1] Indeed, even when both parties move for summary judgment,
which is not what happened in this case, "[t]he fact that
opposing parties file cross-motions for summary judgment does
not mean that one of the moving parties will prevail."  Moore <u>et
al.</u>, <u>supra</u>, § 56.120[3].

in particular, its failure to file a cross-motion for summary judgment, as was provided for in the stipulation.  This court cannot grant on reconsideration what Ashton never properly requested in the proceeding that resulted in the order it now asks the court to reconsider.  Various arguments Ashton raises in its motion for reconsideration may have merit, but still, the existence of potentially meritorious arguments does not relieve Ashton of the burden of presenting those arguments in accordance with the relevant rules of procedure.  Without a proper motion to serve as a vehicle for Ashton's arguments, there is no mechanism for granting Ashton the relief it seeks.

Ashton also devotes considerable attention to an argument that Washington's "claim" for lost profits is new to the case and, for that reason should be disregarded.  The court is not persuaded.  From the outset, Washington has asserted a claim for breach of contract.  It has prevailed on that claim, and it is difficult to imagine that Washington has not been damaged by Ashton's breach.  As of July 16, 2010, Ashton, without a lawful excuse, had failed to remit the premiums it had collected for 834 surety bonds it sold in Washington's name.  Washington spent several months on the risk without the benefit of those premiums and, by virtue of Ashton's unilateral actions, it lost the benefit of its bargain, i.e., the profits it would have earned from the bonds it issued.

Viewed in the correct light, "lost profits" is not a cause of action, but rather, a measure of damages.  Cf. Minion Inc. v. Burdin, 929 F. Supp. 521, 523 (D.H.H. 1996) ("Under New Hampshire law, a claim for enhanced damages is not a separate cause of action; it is a request for a particular remedy.").  Moreover, the remedy of lost profits is fairly encompassed by the breach-of-contract claim on which Washington has prevailed.  See George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 134 (2011).  Washington may or may not be able to establish its lost profits on the summary judgment record as it currently exists, but that is a question to be resolved if and when: (1) Washington attempts to establish its lost profits in a subsequent summary-judgment motion; or (2) Ashton moves for summary judgment on grounds that Washington cannot establish its lost profits.  But, again, the fact that Washington has not prevailed on its argument that it is entitled to all the premiums Ashton collected for the replaced bonds does not, without more, entitle Ashton to judgment as a matter of law that Washington is entitled to no damages, which is what Ashton seeks in its motion for reconsideration.

In support of its argument that the court was obligated to issue a summary judgment order that concluded the case, Ashton states that it "would scarcely have agreed to the stipulation if . . . the summary judgment proceeding would not conclude the

case." Def.'s Mot. for Recons. ¶ 16. As the court has explained, it is not necessary to grant Ashton's motion for reconsideration for this case to be resolved in the procedural posture of summary judgment.

When the parties stipulated to resolution on summary judgment, all they agreed to was that the case would not progress to trial. They did not stipulate, nor could they have stipulated, that this court would deviate from the established principles of summary-judgment adjudication by granting judgment to a nonmovant, based upon the moving party's failure to demonstrate its entitlement to judgment as a matter of law. Similarly, Washington did not agree to abandon its right to recovery under the circumstances that ultimately came to pass, partial but incomplete success on its first summary-judgment motion. Finally, while Ashton asserts that it would not have agreed to the stipulation if it thought there was a possibility that the court's decision on document no. 64 would not conclude the case, it seems unlikely that Washington would have agreed to the stipulation if it understood that agreement to provide that if it failed to demonstrate its entitlement to all the premiums Ashton collected for the replaced bonds, it would not be entitled to any damages at all for Ashton's breach of contract.

To conclude, the court did not commit a manifest error of law when it stated that Washington's failure to demonstrate its

entitlement to summary judgment on the issue of damages resulted in the continued vitality of that issue.  Accordingly, Ashton's motion for reconsideration, document no. 76, is denied.

Thus, the matter of damages for Ashton's failure to remit premiums for the replaced bonds remains open and subject to further summary-judgment practice.  The court shall schedule a telephone conference to set deadlines for further briefing in the event that Washington wishes to continue its pursuit of damages above and beyond those Ashton has already conceded it must pay.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


October 19, 2012

cc:   Bradford R. Carver, Esq.
      Geoffrey M. Coan, Esq.
      Eric H. Loeffler, Esq.
      Jeffrey C. Spear, Esq.